IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JULIA L.,[1] | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 7:19-cv-00230 |
| | ) |
| ANDREW SAUL, Commissioner, Social | )  By:  Elizabeth K. Dillon |
|    Security Administration, | )          United States District Judge |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Julia L. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On August 17, 2020, the magistrate judge issued his R&R, finding that Commissioner's decision is supported by substantial evidence. (R&R, Dkt. No. 18.) Plaintiff filed a timely objection on August 27, 2020. (Pl.'s Obj., Dkt. No. 19.) The Commissioner responded to plaintiff's objection on September 2, 2020. (Def.'s Resp., Dkt. No. 20.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

judgment, deny plaintiff's motion for summary judgment, and enter judgment in favor of the Commissioner.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report and recommendation.  (*See* R&R 2–13.)

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited.  Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence."  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].  Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (alterations in original) (citations omitted).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements). For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

## B. Plaintiff's Objections

The ALJ found that Julia suffered from the severe impairments of degenerative disc disease with radiculopathy and chronic pain and meniscus tear. (R&R 3; Tr. 15–16.) The ALJ further found that Julia had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), except she can occasionally handle, finger, and feel with the left (non-dominant) upper extremity; frequently climb ramps and stairs; occasionally climb ladders or scaffolds; occasionally kneel, crouch, crawl; occasionally be exposed to hazards such as unprotected heights and moving mechanical parts; tolerate occasional exposure to dust, fumes, odors, and pulmonary irritants; and tolerate occasional exposure to vibrations. (R&R 3; Tr. 17.) Thus, the ALJ held that Julia could perform jobs that exist in significant numbers in the national economy, including usher, furniture rental clerk, and gate guard. (R&R 3–4; Tr. 27–28.)

In her brief to the magistrate judge in support of summary judgment, Julia argued that the ALJ failed to properly evaluate the opinion evidence and her allegations of disability. (Pl.'s Mem. 10–15, Dkt. No. 13.) Julia's objections to the magistrate judge's R&R largely restate those arguments. (*See* Pl.'s Obj. 1 ("The ALJ has failed to provide a clear explanation of the rationale used to reject the functional limitations opined to by the reviewing medical consultants and the treating medical sources."); *id.* at 4 ("The ALJ failed to properly evaluate Plaintiff's allegations of disability.").) The court will not address arguments, such as the foregoing, that

3

were thoroughly explored by the magistrate judge because the court finds that the magistrate judge and the ALJ applied the proper legal standards and substantial evidence supports the ALJ's analysis.

The court will, however, address a specific objection to the evaluation of Julia's subjective allegations. Julia argues that she had good cause for not wanting to have an additional neck surgery because, as she indicated at the hearing, Julia felt that she would have been better off if she had not had an earlier surgery. (R&R 13.) The R&R acknowledged a social security ruling which states that good cause for not following recommended treatment includes a circumstance where, as here, the individual "previously had major surgery for the same impairment with unsuccessful results and the same or similar additional major surgery is now prescribed." Social Security Ruling, SSR 18-3P; Titles II and XVI: Failure to Follow Prescribed Treatment (Oct. 2, 2018). As the R&R explains, Julia contests the ALJ's analysis only insofar as the ALJ relied on the decision to forego another surgery. But even discounting this element of the analysis, the ALJ's evaluation of Julia's subjective symptoms was still supported by substantial evidence. (R&R 15.) Julia argues that if the decline of surgery is removed from consideration, the "remaining justification" for rejecting her allegations would be evidence of significant cervical abnormalities, reports of low pain, some weakness and atrophy in the left lower extremity, and reports of numbness with some resultant loss of function in the left hand. (Pl.'s Obj. 4.) However, the job of the reviewing court is not to re-weigh the evidence before the ALJ. *See Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (citing *Hancock*, 667 F.3d at 472). The court agrees with the R&R that the ALJ's evaluation of Julia's allegations is supported by substantial evidence. "The ALJ clearly explained which elements of Julia's complaints regarding the intensity, persistence, and limiting effects of her symptoms he found to

4

lack support in the record.  The ALJ reasonably concluded that the evidence did not support the degree of limitation Julia asserted experiencing regarding her speaking, hand movement, neck pain, and limited range of neck motion."  (R&R 15.)

### III.  CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, this court will overrule Julia's objections and adopt the magistrate judge's recommendation.  The court will therefore grant the Commissioner's motion for summary judgment and deny Julia's motion for summary judgment.

An appropriate order will be entered.

Entered: September 29, 2020.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge